The Honorable Cliff Hoofman State Senator P.O. Box 1038 North Little Rock, Arkansas 72115
Dear Senator Hoofman:
This is in response to your request for an opinion on the distribution of the funds generated by the "salary increase program implemented by the legislature at the last session." I assume that you are referring to the creation of the "Education Excellence Trust Fund" under the authority of Act 10 of 1991, which is to be used to provide salary increases to "current certified personnel positions" of school districts across the state. See A.C.A. § 6-5-303(a) (Cum. Supp. 1991).
Your first question concerning these funds is whether it would be improper for a school district to give the same salary increases to a non-certified teacher as was given to the certified personnel. Your second question is whether it would be improper for this individual to participate in the distribution of funds received from the trust fund. Your questions, you note, are prompted by a constituent of yours who is a school teacher at one of the schools in your district. You state that he holds a teaching position which does not require state teaching certification, and that he was not included in the distribution of the trust fund monies. After the receipt of your opinion request, we have learned from a conversation with you that the `teacher' in question instructs students in an ROTC program, and a question may in fact arise as to whether such instructors are required to be, and in fact are `certified personnel.'
It is my opinion that if the "teacher" in question holds only a "Junior ROTC Permit," and does not in fact hold a regular teaching "certificate" he is not entitled to a distribution of the trust funds monies created by Act 10 of 1991. Whether the school district may give the same amount to this "teacher" fromother funds is a matter of contract between the district and this teacher, bearing in mind all laws governing such contracts.
Act 10 of 1991 provides for a distribution of trust fund monies to "current certified personnel positions" of a school district. A.C.A. § 6-5-303(a) (Cum. Supp. 1991). This phrase is defined by the act as meaning "the number of certified employees, excluding the superintendent and assistant superintendents, employed by a school district on February 1, 1991." A.C.A. § 6-5-303(c) (Cum. Supp. 1991). The act also states that the funds shall be divided equally among all "certified personnel," unless there is an agreement to the contrary. A.C.A. § 6-5-303(a) (Cum. Supp. 1991). It is clear from a reading of the act therefore, that only "certified" employees are entitled to a distribution under the act.
The question thus becomes whether the individual in question is "certified" so as to be entitled to a distribution. We have not been provided with the specific details surrounding this individual's status in this regard. The issue is thus one of fact, which must be determined with reference to all the pertinent information. It is my opinion, however, that an individual who holds only a `Junior ROTC Permit,' provided for under the Rules and Regulations of the Department of Education (see Rule 494.00), is not a `certified' employee as that term is used in Act 10. The relevant rule provides that:
 If the Armed Services certifies that an applicant has completed their program of instruction for a Commissioned ROTC Officer and will state so in writing, he will be eligible for a six-year Vocational Junior ROTC Permit. A superintendent of schools will also have to state that this person will be employed if he is issued a vocational permit. (This is for the teaching of ROTC only and cannot be used as a teaching certificate to add an additional area of certification). [Emphasis added.]
It is clear, in my opinion, that the "permit" discussed above is not considered a teaching "certificate" so as to classify the holder as a "certified" employee. The term "certified personnel" has been defined elsewhere in the Arkansas Code as meaning "those teachers and administrators required to have a state-issuedcertificate to hold their position. . . ." A.C.A. § 6-20-307(a) (Cum. Supp. 1991). (Emphasis added.) Individuals holding only ROTC "permits" are thus not included in the distribution of Educational Excellence Trust Fund monies, which are earmarked for "certified personnel" only.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh